## REED et al. v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 6, 1931

A. J. Layne, Ironton, for Reed.
Lee D. Andrews, Ironton, for State.

### THE FACTS ARE STATED IN THE OPINION.

MAUCK, PJ.

Homer Reed and Clarence Labor were jointly indicted for robbing Chester A. Melvin. They were found guilty and sentenced to the penitentiary, and now by a proceeding in error in this court ask that the judgment of conviction be reversed.

The defendants were positively identified as the robbers by the prosecuting witness and there was some corroboration of the state's testimony in this respect. The defendants' claim that they were elsewhere at the time of the robbery was sustained by a group of witnesses impressive in number but of such habits, association and record as evidently to have made no favorable impression upon the jury. We are not disposed to question the judgment of the jury who found that the witnesses for the state were testifying to the truth.

There were two questions of law presented. It is claimed that the trial court erred in its charge to the jury upon the matter of the alibi claimed by the defendants. The trial court was evidently attempting to apply the language used in a charge upon this question approved by the Supreme Court in **Sabo v State, 19 Oh St 231.** The language in the charge before us is not identical with that in the Sabo case, but the language complained of is either identical in meaning with that in the Sabo case or it has no meaning and is therefore harmless. Upon the authority referred to we find that there was no error in the instruction complained of.

The second question of law arises thru the court's refusal to permit the defendants to cross examine Mrs. Melvin, a witness called by the state in rebuttal. One of the witnesses, the wife of one of the defendants, had denied making certain statements to Mrs. Melvin. Mrs. Melvin placed on the stand in rebuttal and a question was partially propounded to her evidently looking to the impeachment of the defendants' witness. An objection was interposed and sustained. The result was that Mrs. Melvin actually testified to nothing. The defendants by cross examination proposed to elicit from Mrs. Melvin some facts that might more or less tend to reflect upon the identification that had been made of the defendants by the state's testimony in chief. The trial court denied the right of the defendants to so cross examine. In this the court was right. It is claimed that **Legg v Drake, 1 Oh St 286,** holds to the contrary. There is something in one of the paragraphs of the syllabus in that case that indicates the right to cross examine generally as to any matter pertaining to the issue on trial. At the time that case was reported the syllabus of an opinion of the Supreme Court did not have the significance that it has under the present rules of that court. In the body of the opinion the court says:

"It would appear that the fair conclusion from all the authorities is that the right of cross examination is not to be limited by particular facts disclosed in the examination in chief, but may be extended to whatever the party calling the witness is required to establish to make out and sustain his cause of action or his defense. That is, the witness of the plaintiff may be cross examined by the defendant touching all matters which it is competent for the plaintiff to prove under the issue in order to entitle him to recover. And on the other hand, the plaintiff may cross examine the defendant's witnesses as to all matters which the defendant may prove under the issue in order to sustain his defense."

Clearly the Supreme Court means that the defendant may cross examine the plaintiff's witness upon all matters to which such witness has testified and upon such further matter as the witness might have testified

---

to. The rule goes no further than this.

In the case at bar Mrs. Melvin as the witness in rebuttal could only have been used by the state to have rebutted some testimony offered by the defendants. The state had no right to examine her upon any of the matters upon which the defendants desired to cross examine her, and as the defendants had no right to pursue the cross examination beyond the place where the state might have examined her the court properly sustained an objection to the defendants' questions.

The record is free from prejudicial error and the judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.